UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

In re
Tyrone Noel Nunn

Case No. 2:24-cv-01242-CDS-EJY

**Order Dismissing and Closing Case**

[ECF No. 3]

Tyrone Nunn initiated this case with documents appearing to indicate that he was seeking relief through both a civil-rights action under 42 U.S.C. § 1983 and a habeas corpus petition. ECF Nos. 1-1, 3, 4. On August 24, 2024, the Court issued an order explaining that Nunn cannot pursue both a civil rights claim under 42 U.S.C. § 1983 and a habeas corpus petition in the same case. ECF No. 5. The Court ordered Nunn to file a notice indicating whether he seeks to initiate a civil rights case under 42 U.S.C. § 1983 or relief through a habeas corpus petition by September 13, 2024. *Id.* at 1. The Court warned Nunn that the action could be dismissed if he failed to file a notice clarifying what type of case he is trying to bring by that deadline. *Id.* at 2. That deadline expired and Nunn did not file a notice clarifying what type of case he is bringing, move for an extension, or otherwise respond.

I.      Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Nunn clarifies what type of case he is trying to bring, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Nunn needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

II.      Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is **dismissed without prejudice** based on Nunn's failure to file a notice indicating whether he seeks to initiate a civil rights case under 42 U.S.C. § 1983 or relief through a habeas corpus petition, in compliance with the Court's August 26, 2024, order.

It is further ordered that Nunn's application to proceed *in forma pauperis* **[ECF No. 3] is DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly and to close this case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his claims, he must file a complaint or a petition for a writ of habeas corpus in a new case.

Dated: October 15, 2024

_____
Cristina D. Silva
United States District Judge